# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00031-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| COURTNEY OCTAVIOUS HARGRO, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to reconsider or modify his sentence. [Doc. 273].

On August 6, 2015, the Court revoked the Defendant's term of supervised release and sentenced him to 36 months' imprisonment. [Doc. 263]. The Defendant did not file a direct appeal. In his present motion, the Defendant states that subsequent to his federal conviction, he was sentenced in state court to two terms of 29-35 months' imprisonment, to run consecutively to each other. The Defendant now moves the Court to order his state sentence to run concurrently to his present federal sentence or, in

the alternative, to give him credit on his state sentence for the time he has served for his federal sentence. [Id.].

To the extent that the Defendant seeks credit to be applied to his state sentence, the Court has no jurisdiction to modify the calculation of that sentence.[1]  To the extent that the Defendant seeks a modification of his federal sentence, the Defendant's motion must be denied.  The Court may "reconsider" or modify a criminal judgment only in limited circumstances.  Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  There is, however, no clerical error in the Court's Judgment that requires correction in this instance.  Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct

---

[1] To the extent that the Defendant might seek credit against his federal sentence, such calculation is performed by the Bureau of Prisons, not the sentencing court.  See United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v. Miller, 49 F. Supp. 2d 489, 492 (E.D. Va. 1999).  As such, the Court cannot award the Defendant any credit for the time he served while in state custody.

a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances, however, are applicable in the present case. Accordingly, the Defendant's motion for a reconsideration or modification of his sentence must be denied.

The Court also notes that § 7B1.3(f) of the Sentencing Guidelines specifically states that "Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." As such, even if the Court had jurisdiction it could not make the modification Defendant seeks.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 273], which the Court construes as a motion to reconsider or modify his sentence, is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 4, 2017

Martin Reidinger
United States District Judge